**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| **DION WILLIAMS** | * | Case No. 3:12-cr-047 |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION TO SUPPRESS AND INCORPORATED MEMORANDUM OF LAW

Defendant Dion Williams, by and through counsel, John LaFratta, and Kenneth Ravenell and Milin Chun of Murphy, Falcon & Murphy, pursuant to the Federal Rules of Criminal Procedure, hereby moves this Court to suppress all evidence seized pursuant to a search and seizure warrant for 4658 Riverstone Drive, Apartment 201 in Owings Mills, Maryland, and conduct a *Franks* hearing to determine whether the warrant was supported by probable cause absent a material and intentional misrepresentation. In support of the Motion, Mr. Williams submits the following incorporated Memorandum.

### INTRODUCTION

Mr. Williams is charged by Indictment with conspiracy to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and attempt to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. *See* Doc. 50 (Indictment) at 2, 10.

[1]

**FACTS**

A search and seizure warrant signed by Judge Patrick Cavanaugh of the Circuit Court for Baltimore County was executed in this case on January 27, 2012, at 9:10 pm.[1] *See* Exhibit A (Statement of Probable Cause in *State of Maryland v. Dion Williams*, case no. K12001049). The following facts may be gleaned from the affidavit, written by Task Force Officer Edward Hann of the Baltimore County Police Department (hereinafter "TFO Hann") and Task Force Officer George Vigue (hereinafter "TFO Vigue") of the Baltimore Police Department, submitted to support the application for the search warrant:

At some point, a Confidential Source (hereinafter "CS") contacted a special agent[2] at the Riverside, California District Office of the Drug Enforcement Administration (hereinafter "DEA") to inform that he had been approached by persons who wanted to purchase 100 kilograms of cocaine for $2.4 million. These persons are not identified in the affidavit nor is it known how or when these persons contacted the CS. This information was subsequently relayed to Special Agent Jason Alznauer (hereinafter "SA Alznauer") in the middle of January 2012. After conferring with investigators, none of whom are identified in the affidavit, the CS agreed to fly from California to Richmond, Virginia and then travel to Baltimore, Maryland to meet the alleged unknown and unidentified drug traffickers.

On January 26, 2012, the CS flew to Richmond International Airport, rented a vehicle and drove to the Hyatt Hotel at 4730 Painters Mill Road in Owings Mills, Maryland. The following day

---

[1] While there appears to be a subsequent federal search and seizure warrant signed at 9:20 pm by Judge Susan Guavey of the United States District Court for the District of Maryland, because the State warrant was executed ten minutes before the federal warrant was even signed, Mr. Williams challenges the probable cause in the State warrant.

at 9:40 am, investigators observed an unknown and previously unseen black male, driving a black Toyota four-door sedan, arrive at the Hyatt Hotel and make contact with the CS in the lobby of the hotel. The affidavit does not inform as to whether the black male is the one of the persons that had previously contacted the CS. The black male allegedly directed the CS to follow him in his vehicle. The two vehicles were observed entering the River Stone gated community. Investigators then allegedly established a perimeter of the area and found the black Toyota parked in front of an apartment building identified as 4658 Riverstone Drive, Owings Mills, Maryland. The CS was then advised by the black male to pull his vehicle into an associated garage.

      The CS and the black male then allegedly entered the apartment associated with the garage and once inside, the CS was allegedly present *during a discussion* that focused on the purchase of approximately 100 kilograms of cocaine. During this conversation, the black male allegedly produced a duffle bag containing approximately $300,000.00. After the meeting concluded, the investigators observed the CS leaving the location and allegedly "were able to determine that the particular garage is solely associated with apartment 4658 Riverstone Dr[.], Apartment 201, Owings Mills, MD 21117." *See* Exhibit B (Application and Affidavit for State's Search and Seizure Warrant). Investigators then spoke with the CS and learned that the black male identified himself as "Scroll" and that he was allegedly in the process of collecting funds to attempt to purchase 100 kilograms of cocaine.

      Based on this information, the affiants requested a search warrant for 4658 Riverstone Drive, Apartment 201, Owings Mills, Maryland for the purpose of recovering any and all evidence related to CDS and/or related paraphernalia. Judge Cavanaugh signed the warrant at 6:19 pm, and members

---

[2] The affidavit fails to identify this special agent or when the CS contacted him.

[3]

of the DEA Task Force Group 21 and the DEA HIDTA Group 56 executed the warrant at **9:10 pm**. *See* Exhibit A.

## ARGUMENT

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" by the government or its agents. U.S. CONST. AMEND. IV; *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984). It provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. Probable cause means "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

### I. THE AFFIDAVIT FAILS TO PROVIDE SUFFICIENT INFORMATION TO ESTABLISH THE INFORMANT'S RELIABILITY AND CREDIBILITY OR ANY CORROBORATION OF THE INFORMANT'S INFORMATION OTHER THAN INNOCENT DETAILS.

In the issuing of warrants that utilize the testimony of informants, the standard for determining whether probable cause exists is based on the "totality of circumstances" of the evidence presented to the judge at the time of issuance. The issuing judge *must* verify the credibility of the hearsay informant and the basis of his/her knowledge, relying on this standard. *See Gates*, 462 U.S. 213 (rejecting reliance on the "two-pronged test" and adopting the standard of whether, given the totality of the circumstances, there is a fair probability that contraband, evidence, or an individual will be found in a particular place). The court "must consider the veracity, reliability, and the basis of knowledge for that informant as part of the totality of the circumstances for evaluating the impact of that information." *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003).

[4]

The warrant here must stand or fall on the veracity of the CS and any corroboration by the affiants of the informants' information that evidence of "**CDS and/or related paraphernalia**" would be found in the place to be searched. The bare bones assertions of the CS's reliability in a single paragraph of the affiants' affidavit does not come close to establishing the CS's veracity and the affiants corroboration at best of innocent details is insufficient to establish probable cause that evidence of "**CDS and/or related paraphernalia**" would be found in this particular apartment. Reading the affidavit on its face, the affiants refer to the CS numerous times and rely significantly[3] on the information relayed by the CS:

1. The CS calls an agent at the Riverside California District Office saying that he was approached by persons who wanted to purchase 100 kilograms of cocaine for 2.4 million dollars.
2. The CS flies into Richmond, rents a vehicle, and is allegedly instructed to drive to the Hyatt at 4730 Painters Mill Road in Owings Mills, Maryland.
3. The CS is present *during a discussion* that allegedly focused on the purchase of approximately 100 kilograms of cocaine.
4. The unidentified male advises the CS that the bag contains approximately $300,000.00.
5. Investigators have an opportunity to speak with the CS following the meeting.
6. The CS advised investigators that the male identified himself as "Scroll".
7. The CS advised that "Scroll" is in the process of collecting the funds, and would contact the CS once he has the remaining funds available.
8. Affiants know that "Scroll" is involved in the distribution of cocaine based on the information supplied by the CS and the meeting between "Scroll" and the CS.

---

[3] With respect to the apartment unit associated with the garage, the affiants rely on the observations of the investigators. *See* Exhibit B.

*See* Exhibit B.  Even a cursory review of the affidavit in support of the search warrant at issue in this matter clearly fails to establish the reliability of the CS, who provided the hearsay information.[4]

Many courts have properly held that a bare assertion that an informant has provided reliable information in the past carries little or no weight in the probable cause determination. *See, e.g., United States v. Brack,* 188 F.3d 748, 755 (7th Cir. 1999) (holding that an affidavit stating that the affiants "ha[d] received reliable information from a credible person" was so conclusory that the tip would be treated as though it had been "obtained from an informant of 'unknown reliability'"); *United States v. Foree,* 43 F.3d 1572, 1575–76 (11th Cir. 1995) (holding that an affidavit stating that "[i]nformation previously provided by the [confidential informant] ha[d] been corroborated by the affiant" and that the informant "ha[d] been found to be truthful and accurate in other narcotics trafficking intelligence" was entitled to only "slight weight").

In *People v. Young*, 4 Ill.App.3d 602 (Ill.App. 1972), the court held that a search warrant affidavit averring that affiant had a conversation with a reliable police informant who in the past had given information resulting in three narcotics convictions was insufficient as failing to show affiant's source of information on which he based his conclusion as to the reliability of the informant.  To support his belief in the informant's reliability, the affiant stated that he "had a conversation with a reliable police informant who in the past has given information resulting in three narcotics convictions." *Id*. at 604.  The court noted that the affiant did not tell the issuing magistrate who was given this information or when it was given.  The affiant also did not particularize the underlying

---

[4] In fact, realizing that the affidavit presented to Judge Cavanaugh was so lacking in information upon which a magistrate could make an independent finding of probable cause may be what led the agents to seek an additional warrant three (3) hours later from another judge.  *See* Exhibit C (Affidavit in Support of the Federal Search and Seizure Warrant).

circumstances from which the magistrate could find that valid reasons existed for believing the undisclosed informer was credible and reliable. This particular language "did not, with particularity, state facts from which the examining magistrate could find that affiant had reasonable grounds to believe the informer was credible and reliable." *Id*. at 606. Instead, "[f]or all that appears, affiant was relying, not on what he was told by some reliable person; he was repeating rumor and gossip." *Id*. at 605.

In *People v. Tatman*, 85 Ill.App.3d 274 (Ill.App. 3 Dist., 1980), the court noted that the standard template language set forth is insufficient[5]:

> Again, the problem with these paragraphs is their lack of factual detail from which a magistrate could make an **independent** determination of the informant's reliability and credibility. While the affidavit recites the formula for past information relied upon for successful prosecutions, no detail is supplied at all. **There is no specific information provided about when or to whom the information was supplied in the past**. There is no detail about the nature of the information or the cases in which it was used. The **affiant police officer fails to indicate how he knew that such information had been supplied by the informant in the past**. There was no statement that the information in the past was supplied to the affiant officer or to anyone in the Sheriff's office. **All that was provided to the magistrate was unsupported, undetailed, formulaic conclusions by the officer**.

*Id*. at 278 (emphasis added). Based on the lack of support for the affiant's conclusions, the appellate court concluded that the trial court was correct in finding the complaint and affidavit insufficient to

---

[5] The supporting information included three paragraphs: "5. This confidential source is personally known to me and is a reliable private citizen of this community; 6. On several occasions, this confidential source has supplied information to law enforcement officers which, because of its truth and accuracy, has resulted in the seizure of quantities of cannabis; 7. That as a result of this past information provided by this confidential source, individuals have been arrested and successfully prosecuted for the unlawful possession and delivery of cannabis." 85 Ill.App.3d at 276.

[7]

establish the informant's reliability and credibility.

The same reasoning in these cases should apply here. The affiants' conclusory assertion that the informant had provided reliable and verified information should count for nothing (or next to nothing) in the probable cause calculus. In the instant case, the Maryland affiants simply failed to recite sufficient facts to properly establish a California-based informant's credibility. The affiants sets forth its basis that the CS is reliable and credible as follows:

> Your affiants further know that the CS has been found to be reliable. The CS has provided information and actively participated in investigations that have resulted in the seizure of large amounts of contraband and currency. The CS has provided accurate and timely information, and has taken directions from control agents without incident.

*See* Exhibit B. This simply cannot be enough. Numerous questions remain. How do Maryland police officers "know that [a California-based] CS has been found to be reliable"? To whom has the California-based CS provided accurate and timely information? What kind of contraband was seized? When was the contraband and money seized? How much is a large amount of currency? Did the CS's information lead to any arrests or convictions? How important was the CS' information in prior investigations? Did the CS' prior information pertain to the same sorts of crimes? Who are the control agents from whom the CS has taken direction without incident? When did this occur and on how many occasions? If not the affiants, from whom did the CS take direction?

The bare bones, conclusory assertion that the CS is credible or his information reliable is not sufficient because it "gives the magistrate virtually no basis at all for making a judgment regarding

[8]

probable cause." *Gates,* 462 U.S. at 239. This is especially true when the affiants, who have had no personal dealings with the CS, provide the court nothing but unsupported, undetailed, formulaic conclusions. In short, the affiants' characterization of the CS as having provided reliable and verified information is unacceptably conclusory because it still "'leaves the nature of [the informant's past] performance undisclosed, so that the judicial officer making the probable cause determination has no basis for judging whether the [affiant's] characterization of [the informant's past] performance is justified.'" *Foree,* 43 F.3d at 1576 (quoting 1 Wayne R. LaFave, *Search and Seizure* § 3.3(b) at 636 (2d ed.1987)). Additionally, there was no corroboration set forth in the affidavit of any of the significant assertions made by the CS by the affiants. In fact, all observations by the affiants fall within the area of innocent details and none of which corroborated criminal activity by Mr. Williams or that criminal activity was associated with the place to be searched Apartment 201 or that "**CDS and/or related paraphernalia**" would be found in this particular apartment.

The bare conclusions about the veracity of the CS should have been given little or no weight by the magistrate. Because the warrant must stand or fall on the veracity of the CS, in the absence of any other basis for probable cause, there remains no substantial basis upon which an issuing judge could determine the existence of probable cause to search Apartment 201.

**II.    AFFIANTS' STATEMENT IN THE AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE REGARDING THE GARAGE IS RECKLESSLY FALSE AND MISLEADING THEREBY WARRANTING A *FRANKS V. DELAWARE* HEARING.**

To be entitled to a *Franks* hearing, the defendant "must make a substantial preliminary showing that a false statement was knowingly and intentionally, or with reckless disregard to the truth, included by the affiant in the warrant application," and the offending information must be

[9]

material, *i.e.* essential to the probable cause determination. *Franks v. Delaware*, 438 U.S. 155-56 (1978); *see also United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). If the defendant proves at that hearing, by a preponderance of the evidence, "with the affidavit's false material set to one side, that the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided." *Franks*, 438 U.S. at 155-56. A hearing can be denied only where the offending information is excluded and probable cause remains in the affidavit. *Id*.

Upon receiving the discovery from the government and reviewing the search warrant affidavit, the defense hired an investigator to determine whether, in fact, investigators "were able to determine that the particular garage is solely associated with apartment 4658 Riverstone Dr[.], Apartment 201, Owings Mills, MD 21117" once they observed the CS leaving the location.[6] *See* Exhibit B. On December 14, 2012, Nicole Smith, property manager for the Riverstone at Owings Mills apartment complex, confirmed to Mr. Williams' investigator that there are no signs or outside notices indicating which garage corresponds to which unit. Ms. Smith as well as the maintenance man for the property advised that simply looking at the garage door the CS entered would not indicate to anyone that it was associated with Apartment 201. *See* Exhibit D (Affidavit from Sean Gordon). And yet, the affiants, being duly sworn, assert that investigators "were able to determine that the particular garage is solely associated with apartment 4658 Riverstone Dr[.], Apartment 201, Owings Mills, MD 21117" just by observing the CS leaving the location and the location of the garage door. This is simply not true and is not mere "negligence or innocent mistake". *Franks*, 438 U.S. at 171. Instead, this statement constitutes a substantial preliminary showing that a false and/or

---

[6] In the federal warrant, the affiants specifically aver that "[b]ased on the location of this garage door, investigators were able to determine that the particular garage is solely associated with apartment

[10]

misleading statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiants in order to mislead the magistrate.

Moreover, this false, offending information is unquestionably essential to the probable cause determination to authorize a search of this particular apartment versus any other apartment in that building.[7] It is the only statement in the affidavit that establishes the requisite nexus between the alleged illegal activity and a particular unit in the multi-unit apartment building. Absent this statement, no judicial officer could or would find that the affidavit provided a substantial basis to establish the necessary link between the alleged criminal activity and that specific apartment unit, **Apartment 201**. In fact, residential searches are upheld *only* where some information links the criminal activity to the residence to be searched. *United States v. Lalor*, 996 F.2d 1578 (4th Cir. 1993) (discussing the necessary nexus between drug activity and residence of suspect); *United States v. Williams,* 974 F.2d 480, 481-82 (4th Cir. 1992); *United States v. Anderson,* 851 F.2d 727, 729-30 & n. 1 (4th Cir. 1988); *United States v. Wylie,* 705 F.2d 1388, 1391-92 (4th Cir. 1983); *Yancey v. State*, 345 Ark. 103 (2001); *State v. Kahn*, 555 N.W.2d 15 (Minn. Ct. App. 1996); *United States v. Thomas*, 300 U.S. App. D.C. 380 (D.C. Cir. 1993); *United States v. Cotton*, 2005 WL 3591960 (D. Md. Dec. 23, 2005); *United States v. James*, 2005 U.S. Dist. LEXIS 4488; *United States v. Rambis*, 526 F.Supp. 866 (N.D. Ill. 1981); *United States v. McNeal*, 82 f.Supp.2d 945 (S.D. Ind. 2000). Without establishing the nexus between the nature of the items sought and **the place** where they are to be seized, there can be no probable cause to support the issuance of the warrant. Therefore, these matters must be explored further at a *Franks* hearing. If Mr. Williams proves at that hearing, by a

---

4658 Riverstone Dr[.], Apartment 201, Owings Mills, MD 21117." *See* Exhibit C.
[7] This particular building contains 14 apartment units. *See* Exhibit D.

[11]

preponderance of the evidence, "with the affidavit's false material set to one side, that the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided." *Franks*, 438 U.S. at 155-56.

## CONCLUSION

For these reasons stated above, Mr. Williams respectfully requests that this Honorable Court grant his Motion to Suppress.

                                Respectfully submitted,

                                /s/ John G. LaFratta
                                John G. LaFratta
                                Main Street Law Offices
                                1701 West Main Street
                                Richmond, Virginia 23220
                                ***Attorney for Defendant***

                                /s/ Kenneth W. Ravenell
                                Kenneth W. Ravenell
                                Milin Chun
                                Murphy, Falcon & Murphy
                                One South Street, 23rd Floor
                                Baltimore, Maryland 21202
                                ***Attorneys for Defendant***

## REQUEST FOR HEARING

Counsel for Mr. Williams respectfully requests a hearing in this case so that the issue presented herein may be more fully developed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of December, 2012, a copy of the foregoing Motion to Suppress and Incorporated Memorandum of Law was served on all parties and their counsel via ECF.

/s/ John LaFratta
John LaFratta

[13]