# EXHIBIT

# B



# BALTIMORE COUNTY POLICE DEPARTMENT

### HEADQUARTERS
700 EAST JOPPA ROAD
TOWSON, MARYLAND 21286

| | |
|---|---|
| STATE OF MARYLAND | IN THE CIRCUIT COURT, CRIMINAL |
| VS | FOR BALTIMORE COUNTY, MARYLAND |
| 4658 Riverstone Drive Apt 201<br>Owings Mills Maryland 21117 | CASE NUMBER: |
| | DOCKET NUMBER: |

### SEARCH WARRANT RETURN

To the Honorable __Patrick Cavanaugh__, Judge, In and For Baltimore County, State of Maryland.

Judge,

Pursuant to the Maryland Rules of Practice and Procedure, return of the Application, Affidavit, Search and Seizure Warrant and Property Inventory is hereby made by your Affiant, __Det. Edward Hann__, that the Search and Seizure Warrant was executed in the on the premises described as __4658 Riverstone Drive Apt 201 Owings Mills Maryland 21117__, on the __27th__ day of __January__, __2012.__

Seized under the authority of the Search and Seizure Warrant, are those items listed on the Property Inventory Sheet attached hereto and incorporated herein.

Return is hereby made this __7th__ day of __Feb_____, 2012

Honorable __Patrick Cavanaugh__

AFFIDAVIT __4__
Number of pages

SEARCH WARRANT __2__
Number of pages

INVENTORY __1__
Number of pages

00289

APPLICATION AND AFFIDAVIT
FOR
SEARCH AND SEIZURE WARRANT

TO:

THE HONORABLE __PATRICK CAVANAUGH__
ASSOCIATE JUDGE OF THE ~~DISTRICT~~/CIRCUIT COURT FOR BALTIMORE
COUNTY, STATE OF MARYLAND

Your affiants, Task Force Officer Edward Hann #2908, a member of the Baltimore County Police assigned to the Drug Enforcement Administration DEA Narcotics Task Force HIDTA MTI Group 56 Task Force and Task Force Officer George Vigue #F814 of the Baltimore Police Department also assigned to the Drug Enforcement Administration DEA Narcotics Task Force HIDTA MTI Group 56 Task Force, being duly sworn, depose and say that there is probable cause to believe that on the premises known as:

4658 Riverstone Drive Apt 201
Owings Mills Maryland 21117

described as:

A multi unit white in color apartment building with the numbers 4658 appear above the rear entryway. Apartment "201" is located on the second floor with a black entry door with the numbers "201" affixed to the door.

There are items subject to seizure, such as:

1. Cocaine a schedule II controlled dangerous substance,
2. Computers, computer records, electronic memory storage devices, books, records, receipts, notes, ledgers, and other items relating to the transportation, ordering, purchasing, and distribution of controlled substances, in particular, Cocaine a schedule II controlled dangerous substance,
3. Telephones, cellular telephones and other devices capable of storing information including: numbers, text messages, photograph relating to the transportation, ordering, purchasing, and distribution of controlled substances, in particular, cocaine a schedule II controlled dangerous substance,
4. Papers, tickets, notes, schedules, receipts, and other items relating to domestic interstate travel,
5. Addresses and/or telephone books and papers reflecting names, addresses, and/or telephone numbers,
6. Books, records, receipts, bank statements, money drafts, letters of credit, money orders, and cashier check receipts, passbooks, bank checks, and other items evidencing the obtaining, secreting, transfer, and/or the concealment of assets and the obtaining, secreting, transferring, concealment and/or expenditure of money, such as

safe deposit box records, keys, etc.,
7. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds,
8. Photographs, in particular, photographs of co-conspirators, of assets, and/or of controlled substances, in particular cocaine a schedule II controlled dangerous substance,
9. Paraphernalia for packaging, cutting, weighing, and distributing cocaine a schedule II controlled dangerous substance, including but not limited to scales, baggies, bottles, and cans and any weights, scales, and other paraphernalia related to the manufacture and distribution of cocaine a schedule II controlled dangerous substance,
10. Indication of occupancy, residency, and/or ownership of the premises described above, including but not limited to, utility and telephone bills, canceled envelopes and keys; and
11. Firearms, and any and all other material evidence which are in violation of, or evidence of the violation of the laws of Maryland pertaining to Controlled Dangerous Substances, Criminal Law Article CR 5-303 (d) through CR 5-904, and that the facts tending to establish grounds for the issuance of a search warrant are set forth, and the basis for the probable cause is as follows:

During the middle of January 2012 Special Agent Jason Alznauer of the Drug Enforcement Administration DEA received information from the Riverside, California District Office from a reliable DEA Confidential Source (CS-1) that he/she was approached by persons who wanted to purchase 100 kilograms of cocaine for 2.4 million dollars.

After conferring with investigators, the CS agreed to fly from California to Richmond, Virginia and travel to the Baltimore, Maryland area and meet the drug traffickers. On January 26, 2012, the CS flew into Richmond International Airport (RIC), rented a vehicle and was instructed by the potential traffickers to drive to the Hyatt at located at 4730 Painters Mill Road in Owings Mills, Maryland 21117. On January 27, 2012, surveillance was initiated at the above location. At approximately 9:40 AM, investigators observed a black male arrive at the Hyatt Hotel driving a Black Toyota four door sedan, bearing Maryland registration 3MD9184. Investigators observed the operator of the vehicle make contact with the CS in the lobby of the Hyatt Hotel.

The unidentified male then directed the CS to follow in his vehicle. Investigators maintained surveillance of the two vehicles and observed them enter the River Stone community which is a gated community. Investigators established a perimeter of the area and located the Black Toyota parked in front of an apartment building identified as 4658 Riverstone Dr, Owings Mills, Maryland 21117. Investigators were in constant contact with the CS during this period, and were advised that he/she had been directed by the unidentified male to pull his/her vehicle into an associated garage. The CS and the unidentified male then entered the apartment associated with the garage. Once inside the apartment, the CS was present during a discussion that focused on the purchase of approximately 100 kilograms of cocaine. The unidentified male advised he was attempting to purchase this amount of cocaine and was in possession of a large amount of

currency. During the conversation, the unidentified male produced a duffle bag that contained a large amount of U.S. currency. The unidentified male advised the CS that the bag contained approximately $300,000.00. The unidentified male further advised that he was in the process of collecting profits from a prior cocaine purchase, and would be in possession of approximately $2,400,000.00 to complete the agreed purchase of the 100 kilos of cocaine.

The meeting was concluded and the CS left the location in his/her vehicle through the garage door. Investigators observed the CS leaving the location and were able to determine that the particular garage is solely associated with apartment 4658 Riverstone Dr, Apartment 201, Owings Mills, MD 21117.

Investigators had the opportunity to speak with the CS following the meeting with the unidentified male. The CS advised investigators that the male identified himself as "Scroll". In addition to attempting to purchase 100 kilograms of cocaine, "Scroll" also admitted to a recent purchase of 50 kilograms of cocaine. The CS advised that "Scroll" is in the process of collecting the funds, and would contact the CS once he has the remaining funds available.

Your affiants know through their training, knowledge and experience in narcotics investigations that "SCROLL" is involved in the distribution of cocaine. Your affiant's belief is based on the information supplied by the CS, the observations of the investigators, and the meeting between "SCROLL" and the Confidential Source (CS).

Your affiants further know that the CS has been found to be reliable. The CS has provided information and actively participated in investigations that have resulted in the seizure of large amounts of contraband and currency. The CS has provided accurate and timely information, and has taken directions from control agents without incident.

Expertise

Your Affiant, Detective Edward Hann, has been a member of the Baltimore County Police Department since April, 1985. Your Affiant was assigned to the uniform patrol division of the North Point Precinct after graduating from the academy. Your Affiant was assigned to the Community Drug Violence Interdiction Team C.D.V.I.T. In May 1989.

Your Affiant transferred to the Vice Narcotics section in June of 1998. In addition to the training received in the Baltimore County Police Academy your affiant has attended and completed a three (3) day Investigators seminar hosted by the Drug Enforcement Seminar (DEA), a two (2) week seminar hosted by the Maryland State Police, and a one week narcotics school by the Baltimore County Police. These training seminars concentrated on the trafficking, packaging, distribution, and terminology of Controlled Dangerous Substances. Your affiant has conducted numerous narcotics related

investigations and made numerous arrests for narcotics related offenses. Your affiant has/or assisted in executing numerous Search and Seizure Warrants. Your affiant has seized several thousand dollars in illicit narcotic related moneys.

 Your affiants, therefore, pray that a search and seizure warrant be issued, authorizing them, with the necessary and proper assistance, to enter and search the aforementioned and described premises; further to search all locked and unlocked containers capable of concealing any type of controlled dangerous substance, and seize all contraband, evidence, fruits of the crime, and instrumentality's of the crime which are subject to seizure and are in violation of, or evidence of the violation of the Laws of Maryland, pertaining to Controlled Dangerous Substances, Criminal Law Article CR 5-303 (d) through CR 5-904.

_____
AFFIANT

_____
AFFIANT

SWORN TO BEFORE ME AND SUBSCRIBED TO IN MY PRESENCE, THIS ___ DAY OF JANUARY 2012.

_____
JUDGE

DISTRICT/CIRCUIT COURT

00293