IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. )
) Criminal Action No. 3:12CR47–HEH
DION LEVERING WILLIAMS, )
TORRY VON ZENON, )
VINCENT A. WILLIAMS, )
)
Defendants. )

## MEMORANDUM OPINION
(Defendants' Motion to Transfer Venue to the District of Maryland)

The Defendants in this case, along with five other co-conspirators, are charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, and attempting to possess with intent to distribute a similar quantity. The underlying transaction involves approximately 100 kilograms of cocaine and a purchase price of roughly $2.5 million. Presently before the Court is Defendant Dion Williams's Motion, Pursuant to Fed. R. Crim. P. 21(b), to Transfer Action to the District of Maryland for the Convenience of the Parties and Witnesses, or, in the Alternative, Motion to Dismiss Count Two for Improper Venue (ECF No. 204). Co-defendants Torry Von Zenon[1] and

---

[1] By Memorandum Opinion issued November 5, 2012, this Court denied Defendant Torry Von Zenon's motion for transfer of venue to the United States District Court for the District of Maryland. Von Zenon's motion was predicated on his contention that the Eastern District of Virginia was an improper venue because the alleged conspiratorial agreement was not formed in this District and the government has not demonstrated that any act essential to the conspiracy took place in Virginia. On review, this Court concluded that at least one overt act occurred in the Eastern District of Virginia and that "Von Zenon's actions in Maryland were designed to facilitate a transaction that was based on the understanding that the drugs would ultimately be sent from Richmond to Maryland." (Mem. Op. 6–7, ECF No. 149.)

Vincent Williams have joined in this motion. Both Defendant Dion Williams and the United States have filed detailed memoranda of law outlining their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the material presently before the Court and argument would not aid in the decisional process.

In pursuing a transfer of this case to the District of Maryland, Defendant Dion Williams relies principally on Fed. R. Crim. P. 21(b) that authorizes such transfer for the convenience of the parties and witnesses and in the interest of justice. Before turning to the analytical factors articulated by the United States Supreme Court in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240 (1964), which guides the Court's discretion in reviewing such motions, a brief case history is instructive.

Defendants Dion Williams and Torry Von Zenon were arrested on the evening of January 27, 2012. Following indictment by a grand jury, this case was set for trial on October 10, 2012. After the return of a superseding indictment, and the arrest of Vincent Williams on November 28, 2012, the trial was rescheduled to December 17, 2012. Prior to that date, Defendant Dion Williams engaged new counsel and without objection by the United States, the case was reset for trial on January 22, 2013. In the interim, five co-defendants have entered pleas of guilty and are awaiting sentencing in the Eastern District of Virginia. On December 17, 2012, barely a month before trial, Defendant Dion Williams filed this motion to change venue principally for the convenience of his newly-hired attorney. For the reasons that follow, the motion will be denied.

As the United States Court of Appeals for the Fourth Circuit noted in *United*

*States v. Heaps*, "[t]he decision whether to transfer a case is committed to the sound discretion of the trial court." 39 F.3d 479, 482 (4th Cir. 1994). In guiding trial courts in the exercise of such discretion, the Fourth Circuit in *Heaps* adopted the ten factor evaluative criteria articulated by the Supreme Court in *Platt*. The ten factors enumerated in *Platt* include: (1) location of the defendant; (2) location of witnesses; (3) location of events likely to be in issue; (4) location of documents and records; (5) disruption of the defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket conditions in each district; and (10) any other specific element that might affect the transfer. *Platt*, 376 U.S. at 243–44.

Central to the Defendant's argument is the location of his counsel in Baltimore, Maryland. He contends that it would be less expensive and less burdensome for his attorneys if his case was tried in Baltimore. This is undoubtedly correct. The co-defendants in this case, Von Zenon and Vincent Williams, however, are represented by Richmond, Virginia-based counsel. If this case was transferred to Baltimore, Maryland, the court in that District would be required to appoint new counsel for both co-defendants. Those lawyers would be required to begin trial preparations from square one and, of course, the case would have to be continued for at least several months. Moreover, while the federal government may be "ubiquitous" as the Defendant contends, relocation of the trial to Baltimore, Maryland would necessitate government counsel and potential witnesses to travel to that location.

In considering this element of the Defendant's argument, the Court is mindful that Defendant Dion Williams's counsel entered an appearance in this case knowing that it

3

was pending in the Eastern District of Virginia. He was undoubtedly aware of the attendant inconvenience and expense. Local counsel, who was initially court-appointed, is located in Richmond.

In addition, the Defendant points out that the majority of the significant events in this case occurred in Maryland and furthermore, the three remaining Defendants all have strong ties to Maryland and none to Virginia.[2] Although the tentacles of this conspiracy extended into Virginia, the core transaction, namely the exchange of 100 kilograms of cocaine hydrochloride for $2.4 million, was planned to occur in Maryland. There is no dispute, however, that at least one overt act occurred in Richmond, Virginia, specifically the meeting on January 26, 2012 at Richmond International Airport. The Richmond Airport was selected because of a perception that law enforcement presence was more lax at that location than Washington, DC or Baltimore airports.

It is well settled that "a conspiracy may be prosecuted in *any* district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." *United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992) (emphasis added); *see also United States v. Smith*, 452 F.3d 323, 335 (4th Cir. 2006) *cert. denied*, 549 U.S. 1065 (2006). At this late stage of the proceedings, the Court does not find this element of the argument compelling. This is not a case where a significant number of acts extending for a prolonged period occurred in the State of Maryland. The events relevant to the charges in the immediate indictment occurred in a span of less than 48

---

[2] The record does not support the contention that any of the remaining defendants reside in the State of Maryland. Dion and Vincent Williams reside in Riverside, California. Torry Von Zenon is a resident of Las Vegas, Nevada.

4

hours at two locations.

Lastly, Defendant Dion Williams maintains that "if character witnesses were to be called, the vast majority of Mr. Williams' [sic] character witnesses reside in Maryland, thereby weighing in favor of transfer." (Def.'s Mot. to Transfer Action 12.) This is not a case in which critical incidents were observed by uninvolved citizen witnesses. Indeed, everyone present at the pivotal point was arrested. Defendant Dion Williams suggests that he may call character witnesses, and if so, they would be Maryland residents. The mere possibility of calling such witnesses carries minimal weight in the analysis.

On the other hand, the government, in its response, emphasizes that five co-defendants have already entered pleas of guilty in this case and are awaiting sentencing in this District. The government argues that this fact warrants special consideration by the Court in weighing the relevant factors.

In the final analysis, the Court is of the opinion that an assessment of the factors enumerated in *Platt* tip in the government's favor. Defendant Dion Williams's motion to transfer comes at a late stage of the proceedings and would undoubtedly necessitate an extended postponement of trial. Newly-appointed counsel for co-defendants would need time to review discovery materials and craft a defense strategy. This would of course require payment of newly-appointed Criminal Justice Act counsel for replowing the same ground covered by their Virginia counterparts.

It would also require government lawyers and witnesses to travel to Baltimore for

5

the convenience of counsel of one defendant.[3] This Court is not convinced that the justification for transfer advanced by Defendant Dion Williams warrants such action. Therefore, for the foregoing reasons, the Motion to Transfer Action Pursuant to Fed. R. Crim. P. 21(b), will be denied as to Dion Williams, Torry Von Zenon and Vincent Williams.

On an alternative front, Defendant Dion Williams challenges the propriety of venue in the United States District Court for the Eastern District of Virginia with respect to Count Two. Count Two charges the Defendant with attempting to possess with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. In his supporting memorandum, the Defendant correctly reminds the Court that when a defendant is charged with multiple counts, venue must be proper on each count. Relying on *United States v. Foy*[4], 641 F.3d 455 (10th Cir. 2011), the Defendant cautions that venue cannot be established on an attempt charge by the imputation of another individual's acts to the defendant. The Defendant maintains that the government, by invoking a theory of "venue by imputation," is seeking to force him to stand trial in a jurisdiction in which he "did nothing and had no connections." (Def.'s Mot. to Transfer Venue 17.) The indictment, according to the Defendant, essentially alleges that he was present at a residence in Owings Mills, Maryland.

The Defendant acknowledges that venue is proper not only where the defendant

---

[3] Defendant Dion Williams's suggestion that his case be severed and tried separately in Maryland is equally unavailing.

[4] The defendant in *Foy* was charged only with the substantive offense of attempt and not as here with aiding and abetting under 18 U.S.C. § 2.

acts overtly, but also where any principals act to further the commission of an offense that the defendant has aided and abetted. *See United States v. Foster*, 507 F.3d 233, 244–46 (4th Cir. 2007) *cert. denied*, 552 U.S. 1274 (2008); *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). The Defendant notes that "[w]hile this statement of law is generally true, there is nothing in the discovery or evidence to suggest that Mr. Williams acted in any manner to *aid and abet* the attempted possession with intent to distribute cocaine." (Def.'s Mot. to Transfer Venue 18 (emphasis in original).)

The first superseding indictment in this case alleges that Defendant Dion Williams and others were present at an apartment in Maryland to consummate the purchase of approximately 100 kilograms of cocaine hydrochloride to be shipped from Richmond, Virginia to Maryland. Dion Williams and his cohorts were in possession of approximately $1.5 million in U.S. currency to be exchanged for the cocaine. Moreover, the indictment alleges that Defendant Dion Williams met one of the prospective purchasers of the cocaine the previous evening at a hotel in Maryland and escorted him to the drug distribution site. If these facts as alleged in the first superseding indictment are proven by the United States, they are more than sufficient to establish that Defendant Dion Williams aided and abetted in the underlying drug transaction. The fact that the Defendant and his co-conspirators were arrested prior to any transaction occurring is of no moment. If proven by the United States at trial, these facts would be sufficient to demonstrate that the Defendant had the requisite intent to commit a crime; that he undertook a direct act in a course of conduct planned to culminate in his commission of the crime; that the act was substantial in that it was corroborative of the Defendant's

7

criminal purpose; and that the act fell short of the commission of the intended crime due to intervening circumstances. *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003) *cert. denied*, 541 U.S. 1053 (2004). The Defendant's Motion to Transfer Venue to the District of Maryland on this alternative ground will likewise be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan 4, 2013
Richmond, VA