IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:12 CR 047-004 |
| DION LEVERING WILLIAMS, | ) | Judge Hudson |
| | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING POSITION OF THE UNITED STATES**

The United States of America, through its attorneys, Neil H. MacBride, United States

Attorney, and Jamie L. Mickelson and Peter S. Duffey, Assistant United States Attorneys,

hereby submits its position with respect to sentencing factors.  The United States concurs with

the Probation Officer's determination that the defendant's Total Offense Level is 37, and that his

Criminal History Category is II.  *See* PSR, Worksheet D.  The defendant's applicable Guideline

range is 235-293 months.  Pursuant to the plea agreement and the factors contained in 18 U.S.C.

§ 3553(a), the United States requests that the Court sentence defendant to the middle of the

advisory guideline range, to a term of 264 months.

**I. Motion for Acceptance of Responsibility**

The United States moves this Court pursuant to U.S.S.G. § 3E1.1(b) to grant an

additional one-level reduction in the defendant's offense level for acceptance of responsibility.

The Government states that the defendant has assisted authorities in the investigation and

prosecution of his own misconduct by timely notifying the United States of the defendant's

intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for

1

trial and permitting the United States and the Court to allocate their resources efficiently.

## II. Background

Defendant Dion Williams was initially arrested by the Baltimore County Police Department and charged with illegal possession of a firearm following the police raid on co-defendant Torry Zenon's apartment on January 27, 2012. PSR ¶ 83. He was released on bond on those charges, and on April 3, 2012, he was indicted by a grand jury in the Eastern District of Virginia and charged with Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of Title 21, United States Code, Section 846, and with Attempted Possession with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of Title 21, United States Code, Section 841. PSR ¶¶ 1-3. On November 7, 2012, Williams was named in a Superseding Indictment that charged him with the same two offenses. PSR ¶¶ 6-8. On January 17, 2013, Williams appeared before the Court, and pursuant to a written plea agreement, pled guilty to Count One of the Superseding Indictment. PSR ¶ 11. Williams's case was then continued pending preparation of a presentence report. *Id.*

## III. Position Sentencing and Argument

In imposing a sentence after *Booker*, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51-52 (2007)). "However, 'the Guidelines are not the only consideration...the district judge should [also] consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party.'" *Id.* (citing *Gall*, 552 U.S. at 49-50). In making this determination:

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (*quoting* 18 U.S.C. § 3553(a)).

## A.    Nature and Circumstances of the Offense

Williams was the leader of a group of Baltimore drug dealers that included Vincent Williams, his step-son, and Torry Von Zenon.  In the instant offense, Williams attempted to purchase 100 kilograms of cocaine for a purchase price of approximately $2.4 million from co-defendant Hiram Alvarez.  On January 27, 2012, Williams met with three individuals for the purpose of completing the deal.  Unknown to Williams, two of the those individuals were actually DEA confidential sources, and were only posing as cocaine suppliers.  Williams spent several hours with the sources on January 27, during which time they counted nearly $1.5 million in United States currency.  During these meetings, Williams bragged about his drug business to the confidential sources.  In the evening of January 27, after the confidential sources had left the apartment under the pretense of going to get the purchased drugs, a Baltimore SWAT team entered the apartment.  Inside of the apartment were Dion Williams, Vincent Williams, and Torry Von Zenon.  In a search of the apartment, law enforcement uncovered approximately $1.5 million in cash, two handguns, two money counters, fifteen cellular telephones, and other items.

## B.    History and Characteristics of the Defendant

Williams is only a criminal history category II, but a review of the presentence report shows consistent interactions with law enforcement since the age of 16.  PSR ¶¶ 53-83.

3

Williams has convictions for possession of controlled substances as far back as 1986. PSR ¶ 54.

As noted above, he was arrested and charged with illegal possession of a firearm in Baltimore in

January 2012 and released on bond.  After his indictment in this matter, but before his arrest,

Williams was charged in June 2012 in Riverside, California with Felony Eluding/Evade.  PSR ¶

71.  His repeated violations of the law indicate an extremely high risk of recidivism upon his

release from incarceration.

Additionally, although the defendant clearly has the ability to engage in legitimate

employment, as evidenced by his ownership of a restaurant in California since 1998, Mr.

Williams instead chose to engage in the business of trafficking in huge quantities of illegal

narcotics.  PSR ¶¶ 106, 107.  Williams was able to gather a staggering amount of currency–$1.5

million, towards the purchase of these illegal narcotics, and he did so in approximately one day,

which further indicates his experience and position in the drug business.  The history and

characteristics of the defendant indicate that a lengthy sentence is warranted in this case.

**C.     A Sentence of 264 Months Serves the Factors of § 3553**

1.  <u>Seriousness of the Offense; Provide Adequate Punishment</u>

As noted, the defendant in this case engaged in a nationwide conspiracy to purchase 100

kilograms of cocaine, a quantity that, had the purchase been successful, would have resulted in

approximately 100,000 individual personal use quantities of an extremely dangerous drug being

introduced into Baltimore and surrounding areas.  This is an extremely serious offense that

warrants a lengthy term of imprisonment.

2.  <u>Need to Deter Future Criminal Conduct and Protect the Public</u>

The defendant's repeated violations of the law indicate that a lengthy sentence is

necessary in order to provide deterrence to Williams and to others who believe they can make a quick profit by engaging in drug trafficking.  Furthermore, a sentence in the middle of the advisory Guideline range is necessary to protect the public given the high likelihood of recidivism indicated by Williams's extensive criminal history.  Williams is now 43 years old, and a sentence at the middle of the advisory Guideline range will ensure that he is incarcerated into his 60's.

3.  Need to Avoid Unwarranted Disparities

Williams engaged in a conspiracy to purchase and distribute a huge quantity of a dangerous controlled substance, and he did so with the hope of obtaining significant financial gain and without regard to the harm that he was causing.  He did accept responsibility for his conduct and pled guilty to the charges, which has been accounted for in the advisory guideline range as calculated.  Accordingly, a sentence of 264 months, which is at the middle of the advisory guideline range will properly account for the § 3553(a) factors discussed above and will ensure that no unwarranted disparity exists between the defendant's sentence and the sentence of a like-positioned individual.

**IV.   <u>Conclusion</u>**

For the reasons stated above, the United States submits that a sentence of 264 months is

reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

_____/s/_____
Jamie L. Mickelson
Peter S. Duffey
Assistant United States Attorneys
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: jamie.l.mickelson@usdoj.gov
          Peter.s.duffey@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

(NEF) to the following:

Kenneth Ravenell, Esq.
Milin Chun, Esq.
Murphy Falcon PA
One South Street, 23rd Floor
Baltimore, MD 21202
kenneth.ravenell@mfmrk.com

John LaFratta, Esq.
Main Street Law Offices
1701 W. Main Street
Richmond, VA 23220-4634
john@mainstlaw.com

Jane D. Clarke
United States Probation Officer
701 East Broad Street
Suite 1150
Richmond, Virginia 23219
jane_clarke@vaep.uscourts.gov

_____/s/_____
Jamie L. Mickelson
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Jamie.L.Mickelson@usdoj.gov

7