**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:12CR47-4** |
| | ) | **The Honorable Henry E. Hudson** |
| **DION LEVERING WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)

COMES NOW the Defendant, Dion Levering Williams, by and through counsel, and respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 252 months to 202 months, effective November 1, 2015.[1]

## PROCEDURAL BACKGROUND

On April 3, 2012, Mr. Williams was charged with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, in violation of Title 21, U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. On January 17, 2013, Mr. Williams entered a guilty plea in accordance with the terms of a written plea agreement. The advisory guideline range in the Presentence Report ("PSR") was 235-293 months. On April 19, 2006, the Court imposed a sentence of 252 months of imprisonment. Pursuant to the recent changes to the drug quantity table in the federal sentencing guidelines, the Defendant now requests that the Court reduce his sentence to 202 months, effective November 1, 2015.

## ARGUMENT

Effective November 1, 2014, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1 to change the base offense levels in the drug quantity table. *See* U.S.S.G. App. C amend. 782. The amendment generally reduces by two levels the base offense levels assigned to the drug quantities in § 2D1.1, and makes corresponding changes to § 2D1.11. *See id.* On July 18, 2014, the

---

[1]   Mr. Williams' current projected release date is October 12, 2031.

Commission unanimously voted to make this amendment retroactive as of November 1, 2014. However, the Commission also added a special instruction that the effective date of any order reducing a term of imprisonment based on Amendment 782 must be November 1, 2015, or later. *See* U.S.S.G. § 1B1.10(e)(1).  Under U.S.S.G. § 1B1.10, Mr. Williams is eligible for relief under the amended advisory guideline range.  Pursuant to 18 U.S.C. § 3582(c), this Court has the authority to reduce Mr. Williams' sentence.

**A.     The Court Has the Authority under 18 U.S.C. § 3582(c) to Reduce Mr. Williams' Sentence.**

Title 18 U.S.C. § 3582(c)(2) provides that a court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  As discussed below, the Sentencing Commission has lowered the range applicable to Mr. Williams' sentence.  Therefore, the Court has authority pursuant to 18 U.S.C. § 3582(c) to reduce Mr. Williams' sentence.

**B.     The Defendant is Eligible for Relief under U.S.S.G. § 1B1.10.**

U.S.S.G. § 1B1.10 states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(1).  Amendment 782 is listed in subsection (d).  *See* U.S.S.G. § 1B1.10(d).

The advisory guideline range applicable to Mr. Williams' sentence has been lowered. Specifically, retroactive application of Amendment 782 changes the applicable offense level and corresponding advisory guideline range as follows:

| Guideline Calculation | | |
|---|---|---|
| Drug Type and Quantity: powder cocaine, 100kg (*see* PSR ¶ 41, Worksheet A; Doc. 385, Drug Guidelines Amendment Application Worksheet) | | |
| | **Sentencing** | **Amendment 782** |
| Date: | April 19, 2006 | |
| Base Offense Level: | 36 | 34 |
| Upward Adjustments: | +2 (gun) +2 (role) | 4 |
| Acceptance of Responsibility: | -3 | -3 |
| Adjusted Offense Level: | 37 | 36 |
| Criminal History Category: | II | II |
| Guideline Range: | 235-293 months | 188-235 months |
| Mandatory Minimum: | 120 months | 120 months |
| Sentence Imposed: | 252 months | |

The Court originally imposed a sentence of 252 months, which fell in the middle of the guideline range. Because the advisory guideline range applicable to Mr. Williams has been lowered by Amendment 782, U.S.S.G. § 1B1.10 provides that he is eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Specifically, Mr. Williams' amended guideline range is 188-235 months. A reduction at the same point of the amended guideline range as his original sentence results in a sentence of 202 months.

A reduction of Mr. Williams' sentence is consistent with the policy statements in U.S.S.G. § 1B1.10. First, the exclusions in §1B1.10(a)(2)—prohibiting relief if the amended guideline is not retroactive or does not lower the defendant's guideline range—do not apply to Mr. Williams. As noted above, Amendment 782 has been made retroactive and does lower Mr. Williams' guideline range. Second, §1B1.10(b)(2)(A) prohibits sentence reductions below the amended advisory guideline range. Mr. Williams seeks a sentence reduction to 202 months, a reduction within his amended guideline range. Finally, the application notes to the policy statement direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence. *See* U.S.S.G. § 1B1.10, comment. n.1(B)(ii) and (iii). According to a July 2015 BOP progress report, Mr.

Williams has no instances of misconduct while incarcerated.  A reduction in Mr. Williams' sentence is therefore appropriate.

U.S.S.G. § 1B1.10(e)(1) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  However, the application notes to § 1B1.10 state that "[s]ubsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c) . . . before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later."  U.S.S.G. § 1B1.10 app. note 6.

Based upon the foregoing, Mr. Williams is eligible for relief under U.S.S.G. § 1B1.10, and a reduction in his sentence is consistent with that policy statement.  Therefore, the Court should exercise its authority under 18 U.S.C. § 3582(c) and reduce his sentence to 202 months, effective November 1, 2015.

**C.    The Government Does Not Oppose The Defendant's Motion.**

Counsel for the defendant has conferred with counsel of record for the government.  The government does not oppose the instant motion for relief.  The government agrees that the defendant is eligible for relief, and similarly recommends a reduction from 252 to 202 months.

**CONCLUSION**

For these reasons, the Defendant respectfully requests that the Court enter the proposed Order attached hereto and reduce his sentence to 202 months, effective November 1, 2015.

Respectfully submitted,

**Dion Levering Williams**

By: _____/s/_____

Paul E. Shelton, Jr.
Virginia State Bar Number: 88550
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
Telephone: (804) 565-0890
Fax: (804) 648-5033
paul_shelton@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015, I electronically filed the foregoing pleading with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

Peter Duffey
Office of the United States Attorney
600 E. Main Street, Suite 1800
Richmond, Virginia   23219
peter.duffey@usdoj.gov

By: _____/s/_____

Paul E. Shelton, Jr.
Virginia State Bar Number: 88550
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
Telephone: (804) 565-0890
Fax: (804) 648-5033
paul_shelton@fd.org

-5-