IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:12-cr-47–HEH |
| | ) | |
| DION LEVERING WILLIAMS, | ) | Civil Action No. _____ |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
(Dismissing Successive 28 U.S.C. § 2255 Motion)

On April 26, 2013, the Court entered Judgment in Dion Levering Williams's criminal case and sentenced him to 252 months of imprisonment. (ECF No. 315 at 2.) By Memorandum Opinion and Order entered on November 17, 2016, the Court denied a 28 U.S.C. § 2255 motion filed by Williams. (ECF Nos. 484, 485.)

Williams, now proceeding with counsel, has submitted this Motion for a New Trial (the "Motion," ECF No. 639). Williams contends that he is entitled to relief because his trial counsel, Kenneth Ravenell, was involved in criminal activity while he represented Williams.

The Motion suffers from a number of defects. First, Williams asserts that the Motion for a New Trial is governed by Federal Rule of Civil Procedure 60. (Mem. in Supp. at 1, ECF No. 640.) However, the Federal Rules of Civil Procedure do not apply in criminal cases such as Petitioner's. Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts . . . ." (emphasis added)). Thus, a motion pursuant to Federal Rule of *Civil* Procedure Rule 60(b) is not an

appropriate procedural vehicle for launching a direct attack on a criminal conviction.[1] *United States v. Sherman*, No. 11-6736, 2011 WL 5024152, at *1 (4th Cir. Oct. 21, 2011) (affirming District Court's denial of a Rule 60(b) motion in a criminal case "[b]ecause the Federal Rules of Civil Procedure do not apply to [movant's] criminal matter."); *United States v. Stewart*, 235 F. App'x 178, 179 n.1 (4th Cir. 2007). Instead, motions for a new trial are governed by Rule 33 of the Federal Rules of Criminal Procedure. That rule provides:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
> **(b) Time to File.**
>> **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>> **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. Williams's Motion is clearly untimely under Rule 33.

Second, Williams's Motion runs afoul of the bar on successive 28 U.S.C. § 2255 motions. Specifically, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*,

---

[1] As discussed below, under limited circumstances, a defendant can utilize Federal Rule of Civil Procedure 60(b) to challenge a prior order disposing of a 28 U.S.C. § 2255 motion.

518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2]

Williams cannot avoid the bar on unauthorized, successive 28 U.S.C. § 2255 motions by simply omitting reference to 28 U.S.C. § 2255 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Id.* (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 [(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. McCalister*, 453 F. App'x 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)). Williams seeks relief

---

[2] Indeed, Williams acknowledges that immediately prior to filing his present Motion, he sought authorization from the Fourth Circuit to file a successive § 2255 motion based on the same facts and circumstances for which he now moves for a new trial. (Mem. in Supp. at 2.) The Fourth Circuit denied Williams authorization to file a successive § 2255 motion. (Mandate at 2–3, ECF No. 641.)

based on his trial counsel's alleged conflict of interest. Such a claim falls squarely within the ambit of 28 U.S.C. § 2255(a). Therefore, the Motion is properly classified as a successive, unauthorized 28 U.S.C. § 2255 motion.

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Therefore, the Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, *while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.* Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted) (emphasis added). For example, a Rule 60(b) motion that asserted that the court erred in finding a claim procedurally defaulted or barred by the relevant statute of limitations could be a proper Rule 60(b) motion. *Buck v. Davis*, 137 S. Ct. 759, 779–80 (2017) (approving the use of Rule 60(b) to reopen a habeas case and examine the merits of a claim the petitioner asserted had been wrongfully dismissed on the ground of procedural default); *Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005)

4

("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition.").

Here, Williams fails to assert that there was "some defect in the collateral review process." *Winestock*, 340 F.3d at 207. Instead, Williams raises a brand-new claim, asserting that his trial counsel suffered from an actual conflict of interest, which entitles him to a new trial. Thus, Williams's Motion must be construed as a successive § 2255 motion. *See United States v. Burgess*, 851 F. App'x 412, 413 (4th Cir. 2021) (citing *Gonzalez*, 545 U.S. at 531–32; *United States v. McRae*, 793 F.3d 392, 397–99 (4th Cir. 2015)). The Court has not received authorization from the Fourth Circuit to hear Williams's successive § 2255 Motion. Accordingly, the Clerk will be directed to file the present action as an unauthorized successive motion under 28 U.S.C. § 2255. The Motion (ECF No. 639) will be dismissed for lack of jurisdiction. A certificate of appealability will be denied.[3]

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Williams has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 8, 2022
Richmond, Virginia

6